NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3168

ANNE M. SCALESE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Anne M. Scalese, of Loomis, California, pro se.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3168

ANNE M. SCALESE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070666-I-1.

_____

DECIDED: July 10, 2008

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Anne M. Scalese petitions for review of the decision of the Merit Systems Protection Board affirming the denial of her request for an increased survivor annuity. We <u>affirm</u>.

## BACKGROUND

Ms. Scalese's late husband, Joseph Scalese, retired from federal service in the spring of 1994. At that time, he filled out Standard Form 2801, "Application for Immediate Retirement." Mr. Scalese elected a reduced annuity with a partial survivor

annuity, which he indicated should be "55% of $3,600 per year." He made that election by checking box 1b on Standard Form 2801, which effected the election of a reduced survivorship annuity, and by filling in the $3,600 dollar amount on the form. He then prepared Standard Form 2801-2, "Spouse's Consent to Survivor Election," on which he again indicated his election of a survivor annuity of 55% of $3,600 per year. The spousal consent form bears a notarized signature that purports to be Ms. Scalese's.

Upon the death of her husband, Ms. Scalese applied to the Office of Personnel Management ("OPM") for an increased survivor annuity under the Civil Service Retirement System. Ms. Scalese alleged that her husband made a mistake in filling out his annuity election form and that he intended for her to receive the maximum annuity allowable. In response to what OPM characterized as her "claim concerning Mr. Scalese's mental state," OPM determined that Ms. Scalese was not eligible for increased survivorship benefits because there was no evidence that her husband was mentally incompetent at the time of the benefits election. OPM also found that Ms. Scalese consented to the election by signing the form and having it notarized, and that Ms. Scalese had not shown any valid reason not to give full effect to the properly executed benefits election.

Ms. Scalese appealed to the Board. The Board affirmed OPM's decision, noting that Mr. Scalese did not request a change in his election of survivor benefits prior to his death and finding that Mr. Scalese was not mentally incompetent at the time he made his annuity election. The Board also found that Ms. Scalese freely consented to the reduced survivor annuity. Ms. Scalese petitioned for review by the full Board, but the petition was denied. This appeal followed.

DISCUSSION

Ms. Scalese first contends that the Board erred in denying her request for an increased survivor annuity because her husband suffered from dementia, was unstable, and was confused at the time he retired and signed the forms. Ms. Scalese submitted a medical record showing that Mr. Scalese was diagnosed in November 2000 with Alzheimer's Disease. In that record, the diagnosing physician referred to at least a five-year history of forgetfulness. That evidence, however, does not show that Mr. Scalese had dementia or was otherwise unstable or confused six and a half years earlier when he retired and filled out Standard Forms 2801 and 2801-2. The Board also found that the other medical evidence that was submitted "covered a time period well after Mr. Scalese's retirement," and therefore did not support a conclusion that Mr. Scalese was mentally incompetent at the time of the benefits election. Given the evidence that was before the Board, we cannot overturn the Board's finding that there is "no medical documentation to support [Ms. Scalese's] assertion that [her husband] was mentally incompetent at the time he made his annuity election."

Additionally, as the Board noted, Mr. Scalese went through the effort of filling out box 1b on Standard Form 2801 and filling out the accompanying Standard Form 2801-2 with identical information indicating a survivor's annuity of "55% of $3,600 per year," instead of simply checking box 1a, which would have provided for "maximum" benefits for his surviving spouse. While Mr. Scalese's conduct in this regard is not consistent with Ms. Scalese's assertion that her husband promised that "she would receive one-half of his monthly after his death," her assertion as to his stated intention is not sufficient to overcome the apparently deliberate actions taken by Mr. Scalese when

2008-3168                                    3

filling out Standard Forms 2801 and 2801-2. Based on that evidence, we cannot conclude that the Board's decision was unsupported by substantial evidence.

Ms. Scalese also contends that OPM and the Board did not consider the facts of the case. However, OPM and the Board both appear to have considered all of the evidence presented to them. Each considered the Standard Form 2801 signed by Mr. Scalese and the accompanying Standard Form 2801-2 signed by Ms. Scalese and notarized by a notary public. Each also considered the evidence of Mr. Scalese's alleged dementia. OPM and the Board also applied the correct statutes and regulations. The pertinent statutes, 5 U.S.C. §§ 8341(b)(1), 8339(j)(1), provide for a maximum survivor annuity of 55 percent of the retiree's annuity "unless the employee . . . and the spouse jointly waive the spouse's right to a survivor annuity in a written election filed with the Office at the time the employee or Member retires." See also 5 C.F.R. §831.614(a). Under an OPM regulation, 5 C.F.R. §831.622(b)(1), Mr. Scalese could have elected "no later than 18 months after the time of retirement, an annuity reduction or an increased annuity reduction to provide a current spouse annuity." By filling out forms 2801 and 2801-2, however, Mr. and Ms. Scalese waived Ms. Scalese's right to the maximum annuity, and Mr. Scalese did not elect an increased annuity before the relevant 18-month period or at any time before his death.

Ms. Scalese contends that she did not sign Standard Form 2801-1 and did not know of that form until OPM sent her a copy after her husband's death. Standard Form 2801-1 is the "Certified Summary of Federal Service," which her husband signed when he retired. It is irrelevant that she did not sign that form, as it does not require her signature. To the extent that she means to argue that she did not sign Standard Form

2801-2, which does require her signature, there is substantial evidence that she signed that form. First, she previously admitted that she signed it. Second, the document bears her signature and was notarized. Thus, substantial evidence supports the Board's conclusion that she signed the spousal consent form.

As to Ms. Scalese's suggestion that she signed Standard Form 2801-2 but did not "read or pay attention to the many documents" that her husband had notarized, her claimed lack of attention to the contents of the documents she signed is not a sufficient basis for overturning her consent to the reduced annuity election. It is a "settled proposition that one is not relieved from the consequences of a written election absent a showing that mental incompetence, duress or fraud is the reason for an election one later seeks to void." Collins v. Office of Pers. Mgmt., 45 F.3d 1569, 1573 (Fed. Cir. 1995). Notwithstanding her unfortunate situation, we cannot reverse the Board, as Ms. Scalese has not made the requisite showing of Mr. Scalese's "mental incompetence, duress or fraud" at the time he signed the documents. Id.